**In the Matter of HENRY'S SYSTEMS NORTHEAST, INC., a New York Corporation, Bankrupt.**

**No. BK–67–1887.**

United States District Court
W. D. New York.

June 11, 1968.

Robert P. Leacy, Buffalo, N. Y., for petitioner.

Michael A. Crage, Buffalo, N. Y., for bankrupt; Frank J. Bona, Buffalo, N. Y., of counsel.

CURTIN, District Judge.

On September 8, 1967 a petition was filed, requesting that Henry's Systems Northeast, Inc. be declared a bankrupt. There are four petitioning creditors, Polar Foods Service, Inc., Queen City Fish and Seafood Company, Inc., of Buffalo, Lawson's Enterprises, Inc., of Binghamton, and Royal Rolls, Inc., of Buffalo.

The claims comply with the provisions of § 59 of the Bankruptcy Act, Title 11, § 95, U.S.C.A.

Edward Vogel, President of Henry's Systems Northeast, Inc., and holder of 50% of the stock, has filed an answer in which he claims, in part, that the corporation's assets were sufficient to pay its liabilities, since there was a lawsuit against Lawson's Enterprises, Inc. for $216,000.

From 1960 until 1963, Henry's Systems Northeast, Inc. operated under a franchise agreement with Lawson's Enterprises, Inc., Henry's Hamburger Restaurants at McKinley Parkway in Buffalo, Union Road in Cheektowaga, and in the Town of Union, near Binghamton, New York. There were two stockholders in this corporation, each holding 50% of the stock, Edward Vogel and Samuel Schwartz. There were four directors, Mr. Schwartz, Mr. Vogel, and their wives.

At the hearing held before this Court, it was apparent that there had been serious differences of opinion between them about the business of this corporation. Henry's Systems had not been able to operate since 1963, when the franchises were terminated by Lawson's Enterprises, Inc.

At the hearing I was satisfied that a short delay would not be harmful to creditors or the corporation. Therefore, the corporation was given an opportunity to try its case in the Supreme Court against Lawson's. This trial resulted in a dismissal of plaintiff's cause of action. Accordingly, the court now proceeds to determine whether the alleged bankrupt has committed the so-called 6th Act of Bankruptcy, as alleged in the petition.

On July 30, 1967, Mr. Schwartz, as Vice President, director, and 50% shareholder, and Mrs. Schwartz, as a director, executed a statement (Petitioner's Exhibit #1) to the effect that the corporation was unable to pay any of its creditors, that the corporation should be adjudged a bankrupt, and that a trustee should be appointed.

There is no question but that this is a sufficient, written admission to constitute the 6th Act of Bankruptcy. See Bankruptcy Act, § 3(a) (6) (11 U.S.C. § 21(a) (6)); Collier on Bankruptcy, Vol. 1, § 3.601 (14th ed.); In re Syracuse Stutz Co., 55 F.2d 914 (2nd Cir. 1932).

The sole remaining question is whether this admission is binding upon the corporation. Mr. Vogel argues that, since it was signed by Mr. Schwartz who owned only 50% of the stock, and only by two of the four directors, the admis-

sion is not binding. The issue is properly resolved by reference to analogous New York law governing the authority of stockholders and/or directors. See Collier on Bankruptcy, Vol. 1, § 3.607 (14th ed.).

Reference to § 1104 of New York's Business Corporation Law, McKinney's Consol. Laws, c. 4, which provides that holders of one-half of all outstanding stock entitled to vote in an election of directors may apply for dissolution of the corporation, on the ground that the directors are so divided that action by the board cannot be obtained, and § 1113 of that same law also providing for the appointment of a receiver, lead the Court to conclude that the admissions in question, under New York law, must be deemed binding upon it.

In view of this conclusion, the petition is granted, and Henry's Systems Northeast, Inc. is adjudged a bankrupt.

So ordered.